*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *ONEBEACON AMERICA INSURANCE* )<br>*COMPANY,*   )<br>   )<br>   *Plaintiff*   )<br>   )<br>*v.*   )<br>   )<br>*TAMMY C. ELWELL, et al.,*   )<br>   )<br>   *Defendants*   ) | *Civil No. 09-342-P-H* |

*RECOMMENDED DECISION ON DEFENDANT ELWELL'S MOTION TO DISMISS*

Tammy C. Elwell, one of two defendants in this declaratory judgment action, moves for dismissal of the case for lack of subject matter jurisdiction, for failure to state a claim, and for failure to join parties.  I recommend that the court deny the motion.

### I.  Applicable Legal Standards

The motion invokes Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7).  Defendant Tammy C. Elwell's Motion to Dismiss ("Motion") (Docket No. 10) at 1.  When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction.  *Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir. 1996).  The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject-matter jurisdiction through extra-pleading material.  5B C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350 at 159-60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979)

(question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

With respect to Rule 12(b)(6), as the Supreme Court has clarified:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).[1]

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Id*. "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

When a court is confronted with motions to dismiss under both Rule 12(b)(1) and 12(b)(6), it ordinarily should decide the former before considering the latter. *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002).

---

[1] In so explaining, the Court explicitly backed away from the Rule 12(b)(6) standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46). The Court observed: "[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

A motion to dismiss for failure to join an indispensable party is based on Rule 12(b)(7).

Under this subsection of the rule,

> the moving party carries the burden of showing why an absent party should be joined.   In meeting its burden, the moving party may present, and the court may consider, evidence outside of the pleadings. . . .
>
> A person shall be joined as a party to a lawsuit, under Rule 19, if
>
> > (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.
>
> Fed. R. Civ. P. 19(a).[2]  If a court determines that a party should be joined, pursuant to Rule 19(a), but that party is incapable of being joined – because joinder would defeat subject matter jurisdiction, or the court does not have personal jurisdiction over the party to be joined, or because the party to be joined has a valid objection to the venue of the action – then the court must conduct the analysis set forth in Rule 19(b). In particular, if a party should be joined per Rule 19(a), but is incapable of being joined, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b).  In summary, if a moving party successfully demonstrates a person should be joined pursuant to Rule 19(a), then the court shall join that person as a party.  If, however, joinder is impossible because it would destroy subject matter jurisdiction or the party to be joined is not subject to the court's jurisdiction or has a valid objection to the venue of the court, then the court shall dismiss the case if the absent party is deemed indispensable.

*Rand v. Bath Iron Works Corp.*, 2000 WL 760630 (D. Me. Mar. 21, 2000), at *2 (some citations

omitted).

---

[2] This portion of Rule 19 was amended in 2007, but the amended language (*see* page 6, *infra*) does not affect the remainder of the quoted material.

## II.  Factual Background

The currently-operative version of the complaint includes the following relevant factual allegations.

At about 10:00 p.m. on October 9, 2008, Edward Elwell, an officer and employee of Pine State Safety Lines, Inc., was working on foot in the middle of Sabattus Street in Lewiston, Maine, painting lines on the roadway with a portable paint sprayer.   Second Amended Declaratory Judgment Complaint ("Complaint") (Docket No. 14) ¶ 6.  He had traveled to the work site in a Ford service van owned by Pine State Safety Lines and insured by a policy issued by the plaintiff, OneBeacon America Insurance Company, with uninsured motorist coverage in the amount of $1,000,000.  *Id.* ¶¶ 11-12.

While standing in the roadway, Elwell was struck by a 1994 Ford pickup truck driven by Susan Weagle.  *Id.* ¶ 7.  On November 4, 2008, Elwell died of the injuries he sustained in this accident.  *Id.* ¶ 8.  At the time of the accident, Weagle was insured by a policy issued by GEICO, with bodily injury coverage of $50,000 per person.  *Id.* ¶ 9.  At the time of the accident, Elwell was insured by a personal auto policy issued by defendant Progressive Northern Insurance Company, which included uninsured motor vehicle coverage.  *Id.* ¶ 10.  At the time of the accident, Elwell was not occupying the Ford service van but rather was standing or walking at some distance from it, pushing the portable paint sprayer.  *Id.* ¶ 13.

Defendant Tammy C. Elwell is the personal representative of the estate of Edward Elwell.  *Id.* ¶ 2.  She has not yet filed any court action as a result of this accident, although some settlement negotiations have apparently taken place.

### III.  Discussion

### A.  Subject Matter Jurisdiction (Rule 12(b)(1))

In the usual case in which motions to dismiss invoke both subdivision (1) and subdivision (6) of Rule 12(b), subject matter jurisdiction – Rule 12(b)(1) – should be considered first. However, this is not the usual case.  The moving party here, defendant Elwell, contends that subject matter jurisdiction is lacking only because there are indispensable parties who, once added to this action, will destroy diversity, the jurisdictional basis alleged in the complaint. Motion at 11-12.  Because I reject this Rule 12(b)(7) argument, for the reasons discussed below, I therefore must reject her Rule 12(b)(1) argument as well.

### B.  Indispensable Parties (Rule 12(b)(7))

Elwell lists as indispensable parties Weagle, her insurer (GEICO), and CPM Constructors, the general contractor for the project where Edward Elwell was working at the time of the accident.  Motion at 2, 10-11.  With respect to Weagle and GEICO, the reason proffered by Tammy Elwell for this argument is that "[t]he U[ninsured] M[otorist] insurers 'stand in the shoes' of the underinsured tortfeasor[,]" Weagle.  *Id*. at 10.  She cites no authority for this assertion nor explains why this should make them indispensable to this action between her and her decedent's employer's insurer.[3]

She goes on to argue that, under Maine law, "all persons shall be made parties who have or claim interest that would be affected by the declaration" sought and are necessary parties here, citing 14 M.R.S.A. § 5963.  *Id*. at 10-11.  Apparently, she contends that Weagle is an "interested

---

[3] As this court has noted, Rule 19 provides that a person found to be an indispensable party shall be made a party, and federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and will do so only when the defect cannot be cured and serious prejudice or inefficiency will result.  *Higgins v. Penobscot County Sheriff's Dep't*, No. CIV 04157BW, 2005 WL 1961369 (D. Me. Aug. 15, 2005), at *1.

person" because she "has not yet settled" with Elwell; that GEICO is an "interested person" merely because it insures Weagle; and that CPM is an "interested person" because it supervised the work site where Edward Elwell was injured.  *Id*. at 11.  She asserts, in conclusory fashion, that each of these persons is "likely to be named [a] part[y] in the upcoming state action" and that all of them "will be prejudiced by a finding in this case."  *Id*.  I fail to see how.[4]

Of course, the declaratory judgment statute that applies in this court is the federal one, not the state statute.  *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 674 (1950).  That statute provides, in relevant part: " In a case of actual controversy within its jurisdiction, . . .  any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).   The applicable federal procedural rule provides, again in relevant part:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1)   Required Party.**  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> * * *

---

[4] In addition, as the plaintiff points out, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opposition") (Docket No. 17) at 11-12, none of these prospective parties would actually destroy diversity jurisdiction if they were added as defendants to this action.  None is a resident of Massachusetts, the residency of the corporate plaintiff.  Complaint ¶ 1.  This observation also affects the moving defendant's argument with respect to Rule 12(b)(1).

> **(b) When Joinder is Not Feasible**.  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

Fed. R. Civ. P. 19(a)-(b).

In the case at hand, there is no suggestion that Weagle's absence prevents this court from determining whether the plaintiff's policy applies to the circumstances of the moving defendant's decedent's death, and the same is true of GEICO and CPM.  There is certainly no suggestion, beyond the moving defendant's conclusory assertion, that these individuals will suffer any prejudice from resolution of this dispute between the plaintiff and the moving defendant that in any way differs from the "prejudice" they would suffer if this dispute were resolved after liability is established in a state-court action.  In addition, there is no apparent risk that the moving defendant will be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations due to the resolution of this coverage issue.  If any state action is brought, she will be the plaintiff and thus not subject to any risk, other than that inherent in any tort action that she will not recover at all or only in part on the merits of her claim or claims.  This risk will be unaffected by whatever happens in this declaratory judgment action.

Nor does this action appear to be an attempt by the plaintiff to use this court to anticipate the trial of an issue in state court.  *See, e.g., Star Ins. Co. v. New Orleans Jazz & Heritage Foundation, Inc.*, Civ. A. No. 93-3947, 1994 WL 148777 (E.D. La. Apr. 19, 1994), at *4.  The state-court action, which the moving defendant anticipates would be her action against Weagle and possibly other potential tortfeasors, would not be her action against the insurer that is the plaintiff here because any such claim would only be available after Weagle's liability had been established, along with the fact that her available insurance coverage will not meet the damages established in that state-court action.

Contrary to the moving defendant's contentions, Motion at 9, resolution of the sole issue presented in this action does not require "proof of the same facts at issue" in the potential state-court liability action.  The plaintiff here need not prove that Weagle was underinsured or legally at fault.  Nor would it be necessary in the state-court action to determine whether the decedent was "using" the vehicle covered by the OneBeacon policy.  The "comparison test" similarly does not apply to OneBeacon's coverage issue; the state-court action will not be asserted against OneBeacon, or OneBeacon's insured.  On the other hand, if the coverage issue is decided in this action, the result may well be a settlement of the underlying dispute without resort to any further court action.[5]

The moving defendant contends that resolution of the issue defined by OneBeacon's complaint in this action will not "terminate the controversy" between her and OneBeacon because she "must file compulsory counterclaims against both U[ninsured] M[otorist] insurers" and her "claims . . . against the UM insurers, as well as claims against the other Maine defendants, Weagle and CPM . . . will survive" the resolution of this action.  Reply at 4.  Obviously, any claims against entities not parties to this action will "survive" it.  The moving defendant makes no showing of any issues between her and OneBeacon that will necessarily survive resolution of this action due to the absence of these other entities.

On the showing made, the moving defendant is not entitled to dismissal of this action on the basis of Rule 12(b)(7).

---

[5] The moving defendant refers to a potential breach of contract or unfair claims practices claim that she may bring against OneBeacon for its refusal to consent to a settlement proposed by other parties to the potential liability action. Motion at 11 n.4; Defendant Elwell's Reply Memo in Support of Motion to Dismiss ("Reply") (Docket No. 18) at 1 n.1.  She has the option to bring such a claim in this action; its resolution does not require resolution of the underlying matter.  The fact that she chooses not to bring it here cannot serve as a basis for dismissal of this action.

### C.  Availability of Relief (Rule 12(b)(6))

While motions invoking Rule 12(b)(6) are usually presented as demonstrating why the complaint as written fails to state a claim upon which relief may be granted, the moving defendant in this case presents three specific justifications for dismissal under the nominal umbrella of this rule: the declaratory judgment action "is not yet ripe"; the Maine Law Court's decision in *Genthner v. Progressive Cas. Ins. Co.*, 681 A.2d 479 (Me. 1996), "holds that the issue of occupancy should be litigated in the underlying action"; and this court should exercise its discretion to decline jurisdiction.  Motion at 3-10.  I find none of these arguments to be persuasive.

### *1.  Ripeness*

The moving defendant contends that OneBeacon's claim in this case is not yet ripe because there is as yet no complaint filed in an underlying state-court action to which the terms of OneBeacon's policy can be compared under the "comparison test" applied to coverage disputes under Maine law.  *Id*. at 3-4.  But, contrary to her assertion, *id*. at 4, this test will never apply to the coverage dispute between her and OneBeacon, because she will be the plaintiff in any state-court action that may be filed arising out of the accident that caused her husband's death.  The question whether OneBeacon has a duty to defend her, the first question to be addressed by the comparison test, *see*, *e.g.*, *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1352 (Me. 1996), will not arise.[6]  As OneBeacon points out, Opposition at 7, one of the most common uses of declaratory judgment is to resolve insurance coverage disputes.  *See*

---

[6] The moving defendant's assertion that "UM insurers, for all practical purposes, are indistinguishable from third party liability insurers," Reply at 2, may be correct in circumstances in which "[t]hey both must hire counsel to defend the actions of the defendant driver, once the underlying tort suit is filed[,]" *id*., but that is not what will happen in this case.

*generally* 10B C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* (1998), at §
2760.

It is for this reason that the moving defendant's reliance on *Patrons Oxford Mut. Ins. Co.
v. Garcia*, 1998 ME 38, 707 A.2d 384, Motion at 4, is misplaced.  That case concerned an
insurer's request for a declaratory judgment to the effect that it had no duty to defend or
indemnify its insured.  1998 ME 38, ¶ 1, 707 A.2d at 384.  In such a situation, the Maine Law
Court held, not surprisingly, that until the potential plaintiff filed an action against the insured,
there was no complaint against which to compare the terms of the policy at issue, and thus the
declaratory judgment action was premature.  *Id.* ¶¶ 5-6, 385.  Again, the duty to defend is not at
issue here, and the coverage issue is capable of resolution without waiting for a state trial court to
determine any relevant facts.  The other cases cited by the moving defendant in this regard,
Motion at 5-7, are similarly distinguishable.  *See Centennial Ins. Co. v. Patterson*, 564 F.3d 46,
49-50 (1st Cir. 2009); *Teachers Ins. Co. v. Schofield*, 284 F.Supp.2d 161, 163-64 (D. Me. 2003);
*Gibson*, 673 A.2d at 1352; *State Mut. Ins. Co. v. Bragg*, 589 A.2d 35, 36 (Me. 1991); *Travelers
Indem. Co. v. Dingwell*, 414 A.2d 220, 224-25 (Me. 1980).[7]

The moving defendant's ripeness argument does not entitle her to dismissal of this action.

### 2. *Applicability of* Genthner

The moving defendant contends, briefly, Motion at 7, that the Maine Law Court's
decision in *Genthner* "holds that the issue of occupancy should be litigated in the underlying
action."  The decision does not so hold.  In *Genthner*, there is no mention at all of an "underlying
action."  The decision was issued after an appeal from the entry of summary judgment in the trial

---

[7] In her reply memorandum, the moving defendant raises two new arguments on the merits of the dispute between
her and OneBeacon.  Reply at 4-6.  I do not address substantive arguments in connection with this motion to
dismiss, but, even if I were to do so, arguments raised for the first time in a reply memorandum will not be
considered in this court.  *In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 10 n.5 (D. Me. 1991).

court on the plaintiff passenger's claim against the carrier of the driver's uninsured motorist coverage.  681 A.2d at 479-80.  Significantly, the duty to defend was not at issue in that case. The motion to dismiss should not be granted on the basis of *Genthner*.

### 3. Exercise of the Court's Discretion

It is certainly true that a federal district court may decline to exercise jurisdiction over a claim for declaratory judgment when such a judgment would not terminate the controversy between the parties.  *See generally Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998-99 (8th Cir. 2005).  But, contrary to the moving defendant's assertion, Motion at 9, resolution of the coverage controversy between her and OneBeacon will not "involve proof of the same facts at issue" in any state-court action that she may eventually bring against Weagle and/or CPM. Whether Edward Elwell was an occupant of, or using, the vehicle insured by OneBeacon at the relevant time, Motion at 9, is relevant only to the coverage issue that can be resolved in this action; it will then be completely irrelevant in any state-court action concerning liability for Elwell's injuries and death.  Whether Weagle was legally at fault, *id*., is relevant only to the potential state-court action; it is not relevant to this action.  Whether Weagle was underinsured, *id*., is potentially relevant only to a coverage action and not at all to any state-court liability action.  Indeed, it appears that there is no dispute about this factual issue.

This is not the "anticipatory countersuit" that the moving defendant ascribes to the two Maine cases that she cites in this regard.  *Id*. at 10.  In *Jones v. York*, 444 A.2d 382 (Me. 1982), a defendant in a forcible entry and detainer action contended that the state district court lacked jurisdiction because he had filed in the state superior court an action for declaratory relief respecting the rights of the tenant and landlord to the premises.  *Id*. at 383.  The district court held a trial and found for the landlord.  *Id*.  The tenant appealed to the superior court, which

11

found no error in the district court judgment.  *Id*.  The Law Court rejected the tenant's argument concerning jurisdiction, primarily on the grounds that the district court did not abuse its discretion in deciding that jurisdiction was not the issue and that principles of comity did not require the district court to refrain from deciding a matter within its exclusive statutory jurisdiction, particularly when it could do so in an earlier and more expeditious fashion than the superior court could decide the declaratory judgment action.  *Id*. at 384-85.  The Law Court did not mention the term "anticipatory countersuit."

Nor does the term appear in the other decision cited by the moving defendant, *Casco Bank & Trust Co. v. Johnson*, 265 A.2d 306 (Me. 1970).  In that case, a taxpayer made a written charitable pledge which was not paid before his death.  *Id*. at 306.  The state tax assessor and the executors of the taxpayer's estate brought a declaratory judgment action in the state superior court on the  question of whether the amount of the pledge should be included in the assets of the estate.  *Id*. at 307.  The Law Court held that certain Maine statutes placed original jurisdiction of such controversies in the probate court and that the superior court therefore lacked jurisdiction over the declaratory judgment action.  *Id*. at 307-08.

Neither of these cases has any relevance to the matter now before this court, where the question is whether a federal court may entertain a specific declaratory judgment action concerning insurance coverage where jurisdiction over such cases clearly exists generally in the federal court.  State law, of course, cannot confer jurisdiction upon a federal court or deprive a federal court of it.

Nor is this a case of first impression of such importance and difficulty that this court should abstain, as suggested by the moving defendant for the first time in her reply memorandum.  Reply at 6.  In *Smith v. Metropolitan Prop. & Liab. Ins. Co.*, 483 F. Supp. 673

(D. Conn. 1980), the only case cited in support of this argument by the moving defendant, the federal district court held that it should abstain in favor of the state court, to which it directed the parties to repair, on the question of whether an exclusion in an insurance policy otherwise covering injury caused by an uninsured motorist contravened public policy and/or the laws of the forum state. *Id.* at 674-75. Nothing at issue in this case has been alleged by either side to contravene public policy or Maine law, and no such issue is apparent. Nor does the question presented appear to be particularly difficult to resolve, unlike the question in *Smith*. There is no reason for this court to abstain under the circumstances of this case.

Similarly, there is nothing to indicate that the Maine state courts could resolve this issue more effectively or efficiently than this court can, particularly when the moving defendant is the one who controls the filing of any such action, and has not yet done so. Nor is a stay appropriate, *see* Reply at 7, when there is yet no state-court action, much less resolution, which this court should await. Again, I reiterate that neither the issues nor the parties before the state court in any such action would be identical to those involved in this action, a fact that distinguishes this case from those cited by the moving defendant. *See, e.g., Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967); *Stonewall Ins. Co. v. Sessions*, 404 F. Supp. 858, 860 (S.D. Ala. 1975).

The moving defendant's apparent attempts to resolve her claims arising from the accident through settlement rather than resort to court action are admirable. However, her attempt to force OneBeacon to participate in that settlement by preventing it from obtaining court resolution of the basic question of whether OneBeacon's policy provides any coverage for the accident should not succeed.

13

The court should decline the moving defendant's invitation to dismiss or stay this action in an exercise of its discretion.

## IV.  Conclusion

For the foregoing reasons, I recommend that defendant Tammy C. Elwell's motion to dismiss this action be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 13th day of December, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

14